# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

Roger Pringle,

    Plaintiff,

v.

Case No. 3:16-CV-835 JVB

Dylan Vigh,

    Defendant.

## OPINION AND ORDER

Roger Pringle, a pro se prisoner, is attempting to sue his sister's attorney for invasion of privacy. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint.

Pringle alleges that Dylan Vigh invaded his privacy by contacting the court in Bartholomew County to ask about his case. Pringle also alleges that he did not authorize him to work on his mother's estate. Finally he alleges that attorney told his sister that "there is no more double jeopardy clause of the Fifth Amendment of the U.S. Constitution . . .." DE 1 at 4. None of these allegations state a claim.

Pringle's court cases are a matter of public record and anyone can ask about them. Doing so is not an invasion of privacy. On the basis of this complaint and his filings in 3:16-CV-717, it appears that his sister hired this attorney to work on their mother's estate. Neither his sister nor the attorney needed his permission to do so. Though an estate attorney commonly obtains information

which is not public, doing so in not an invasion of privacy. Finally, nothing that this attorney told Pringle's sister about the constitution constitutes an invasion of his privacy. These allegations do not merely fail to state a claim – they are frivolous.

Though it is usually necessary "to give pro se litigants one opportunity to amend after dismissing a complaint[,] that's unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Carpenter v. PNC Bank, Nat. Ass'n*, No. 633 Fed. Appx. 346, 348 (7th Cir. Feb. 3, 2016) (quotation marks omitted). *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013) and *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.").

For these reasons, this case is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.

SO ORDERED on February 21, 2017.

    s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE